Per Curiam.
The facts are, that R. Mitchel died, and, as the complainants say, intestate. The plaintiffs are his next of kin in America. He died in Wilson County, and resided there at the time of his death. A writing, purporting to be his will, and to dispose of the property now claimed by the plaintiffs, was proved and admitted to registration in the county of Davidson, and after-wards registered in Wilson County upon the probate made in Davidson. The proofs made in this cause render it very probable that the writing thus proved is a will, or was a genuine paper. After the probate in Davidson, a reexamination was called for, and a jury decided that it was not the will of the deceased. This was appealed from, ‘and went off the Superior Court docket by non. pros. Letters of administration were issued by the clerk of the County Court of Wilson to the widow of Mitchel, afterwards married *181 to Hendricks, and now to Walker; and afterwards she, with her husband, sold some of the negroes now sued for to the other defendants. One question arising upon this statement of facts is, whether the plaintiffs are entitled, supposing Mitchel to have died intestate. They are the collateral relations of Mitchel, and though further removed than brothers, are entitled under the act of 1809, if that be consistent with treaties. Another question is, whether they are barred by the act of limitations. They claim a distributive share or shares of the personal estate of an intestate, as they say. The suit in such cases is sustainable in equity, because the executor or administrator is considered a trustee of the' personal estate for the legatees or distributees (1 P. W. 575); and he who is the cestui qui trust cannot be barred by the * act of limitations, for he cannot sue at law (8 T. 593); and when he can sue, only in equity. The statute cannot be used by way of analogy to the like case at law, there being none such. This is the reason why bills for fraud, equities of redemption, and legacies are not barred. 2 Ves. junior, 571; 1 Vernon, 256; 1 Atk. 71; 3 Call, 542. The latter are trusts by operation of law, as most trusts are, and of necessity are exempt from the statute of limitations; for what action is there at .law to point out the time which shall elapse to raise the bar ? The court cannot make a statute in order to apply to it. It must use the one already made; that does not extend in terms to any suit in equity. And when we look for the like case at law to borrow the time from, we cannot find it. 2 Atk. 612. When time is used at all as a defense in such cases, it must be used as presumptive evidence is used in the case of a bond to prove payment. In like manner, when a legacy is sued for in the County Court, by petition and answer, according to the course of the ecclesiastical courts in England, they cannot consider the act of limitations a bar, because the act does not mention the suit which is before them. Being courts of more moderate pretensions, they will not, like the High Court of Chancery, venture upon the bold measure of adopting the statute as a positive bar, even where at law it is done in analogous cases. 2 Bur. 962. The act of limitations, in the opinion of one member of this court, Judge Haywood, is not a bar in any case where the remedy is exclusively equitable, and founded upon matter that is exclusively so likewise, as trusts, equities of redemption, and legacies are, or a *182 distributive share which is a statutory legacy. We now come to the will, which is used as a defense. It is proved and registered in Davidson ; the testator resided at the time of his death in Wilson. The County Court of Davidson had no jurisdiction. The probate and registration are void. The registration in Wilson was not made upon any * probate, nor by sentence of the County Court of Wilson. Had it been, the will would have been considered as a good one till declared otherwise by the, County Court upon a reexamination, or by the Superior Court upon appeal from it. The probate and sentence of the proper tribunal is conclusive. Bull. N. Prius 48, 247. There is no way of avoiding this effect but by showing that the probate is forged, or, in other words, not made before the proper court. And then it will not prove properly at all in the executor, as otherwise it will; and if not in the executor, neither will it in the legatee who claims under him. Consider the consequence if it were permitted to claim property under a will that is not legally proved, and established by sentence of the County Court. A, B, and C successively sue in this court and bring the will collaterally in question, and upon proof the will is rejected in this court. Then D brings the same question directly before the County Court, and there the will is established. Who shall have the legacies that A, B, and C failed to recover ? Shall they have the same legacies in face of the several decrees made against them in this court ? Or shall they lose them forever; and if so, who shall have them ? Or suppose A, B, and C sue in different courts, and they all hear evidence to prove or disprove the will, and give different opinions upon the evidence ; what confusion is here. This or any other court cannot inquire otherwise than by the probate, into the question of will or no will of personalty. What then is to be done? . Mitchel is in the eye of the law intestate as to the property in question, and yet the court is satisfied that he made a will. We have power to retain the complainant’s bill, and to direct such proceedings in the mean time as will afford satisfactory evidence upon the point, which is a material one, and is not yet supported by legal evidence:
In case of deeds alleged to be forged, or other papers, it is often done, and a jury trial directed in the mean * time, and upon the return of the verdict the court proceeds; so, also, ejectments are frequently ordered to discover whether the *183 party has a title at law or not. And the court proceeds after judgment in the court of law. Retain this bill till the next term of this court, that the will may be proved and registered in the proper county in the mean time, and the parties then to apply for further directions. As to those' defendants who are vendees of the personal estate, or part of it, claimed by the plaintiffs, they ought to be protected ; if letters of administration were granted by the County Court of Wilson to the widow of Mitchel, the new wife of Walker, and if the purchases were made from her and her husband, after the date of them, all acts done under such letters between their date and the repeal and revocation of them are valid.
See, as to the statute of limitations as to legacies, distributive shares, and equitable remedies generally, Coleson v. Blanton, 3 Hay. 152, and note sub fin. As to jurisdiction of County Court of the domicile of the deceased, Wilson v. Frazier, 2 Hum. 30; Nelson v. Griffin, 2 Yer. 624; Brien v. Hart, 6 Hum. 131; Code, 2202. See King’s Digest 2478, 2483 et seq., 3968, 6531, 8260.